NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 9, 2015
Decided June 16, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-3053

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 CR 96-1 |
| ROY D. SMART, *Defendant-Appellant.* | Ronald A. Guzmán, *Judge.* |

**O R D E R**

Roy Smart was convicted of possessing a firearm as a felon, and was sentenced above the guidelines to a 96-month term. Smart now challenges that sentence as unreasonable. Because the district court sufficiently explained the 96-month sentence based on the factors in 18 U.S.C. § 3553(a), we affirm.

In March 2012 a woman reported to Chicago police that a man with a handgun in his waistband had grabbed and struck her in the face with his hand, and also had "pistol-whipped" another man. When officers responded, Smart ran down the street,

threw a loaded handgun, then hid under a parked car. The police found him under the car and recovered the gun. Smart later pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1).

A probation officer determined Smart's guidelines imprisonment range to be 57 to 71 months and recommend a sentence of 57 months. Smart's total offense level is 21 (the base offense level of 24 was reduced 3 levels for acceptance of responsibility, *see* U.S.S.G. §§ 2K2.1(a)(2); 3E1.1(a), (b)), and he is in criminal-history category IV. Smart had accumulated 8 criminal-history points for convictions in state court: 3 from a 9-year sentence for armed robbery with a gun, 3 from a 4-year sentence for delivery of a controlled substance, *see id.* § 4A1.1(a), and 2 from a pair of 1-day sentences for possessing marijuana, *see id.* § 4A1.1(c). Three other offenses that he committed before age 18 did not receive criminal-history points.

In his sentencing memorandum, Smart urged the district court to impose a 36-month sentence. His lawyer argued that Smart's criminal-history score is overstated by the two points for marijuana possession; according to counsel, a 1-day sentence has little probative value of guilt, and each sentence effectively increased his imprisonment range by 11 months (by bumping him into criminal-history category IV). And, counsel asserted, criminal history points for marijuana convictions "should be approached with caution" because, counsel insisted, marijuana laws are enforced differently against black and white offenders. Counsel further asserted that the environment in which Smart grew up—the lack of adult supervision, his diagnosis with a learning disability, incomplete schooling, and his parents' and friends' substance abuse—justified leniency. Counsel emphasized Smart's remorse and his positive lifestyle as an adult, including that he worked as a barber, cared for his and his girlfriend's children, and had become involved in his community. At sentencing the lawyer repeated these arguments and emphasized that Smart had been mentoring young boys to stay in school and avoid the same criminal choices he had made. The government urged the court to sentence Smart within the guidelines range.

The district court adopted the guidelines calculations in the presentence report and sentenced Smart above the range to 96 months. In explaining this sentence the district court acknowledged Smart's difficult childhood and lack of adult supervision, but stressed that Smart had to take responsibility for his own conduct. The court also reviewed Smart's criminal history, which had started with an armed robbery with a gun at age 13. And by the time Smart committed the § 922(g) violation at age 30, the court noted, he had been convicted of other crimes, including a second armed robbery with a

gun. Even though he was a positive influence on people close to him, the court explained, his repeated involvement with guns and drugs was a danger to the rest of the community. The judge concluded,

> I disagree violently with the defense. I think that the sentencing guidelines do not adequately reflect the danger that this defendant represents to the community. It is rare that I say that. But this background, this social history, this lack of rehabilitation, or this protracted criminal conduct of the most violent kind, repeated ownership of guns, leaves me with no other choice.

> The sentence I'm going to enter in this case is above the guideline range, and it's above the guideline range for the reasons I've just stated. At this point in time, given this defendant and all that we know about him, I find that the likelihood of recidivism is great. The likelihood of rehabilitation is very little. And the danger to the community that the type of conduct that he represents and poses is very great indeed.

On appeal Smart contends that the district court committed, first, a "procedural" error by not taking into account that sentencing him above the range would create an "unwarranted sentencing disparity," and, second, a "substantive" error by sentencing him above the range. But these are overlapping claims; Smart really argues that his 96-month prison term is not sufficiently explained and thus unreasonable. Smart notes that his sentence is more than twice the average sentence in 2012 for § 922(g) offenders who, like him, were not sentenced under the Armed Career Criminal Act, and he insists that the judge was required to explain why a sentence 25 months above the guidelines range would *not* result in an unwarranted disparity.

The district court was not required to explicitly discuss "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). Subsection (a)(6) is not concerned with disparate sentences per se; its focus is on sentencing disparity that is *unwarranted* or *unjustified*. *See United States v. Castaldi*, 743 F.3d 589, 597–98 (7th Cir. 2014); *United States v. Bartlett*, 567 F.3d 901, 907–08 (7th Cir. 2009); *United States v. Boscarino*, 437 F.3d 634, 637–38 (7th Cir. 2006). Different sentences for similarly situated defendants are permissible when justified by the circumstances. *See United States v. Brown*, 732 F.3d 781, 788 (7th Cir. 2013). And a district court's very contemplation of the correctly calculated guidelines range shows that the judge considered the need to avoid

unwarranted disparity. *See Gall v. United States*, 552 U.S. 38, 54 (2007); *United States v. Halliday*, 672 F.3d 462, 473 (7th Cir. 2012); *United States v. Statham*, 581 F.3d 548, 556 (7th Cir. 2009). Smart's observation that his sentence is more than twice the *average* § 922(g) sentence is meaningless; the relevant question should be how his sentence compares to a defendant with a similar background who engaged in comparable behavior. *See Brown*, 732 F.3d at 788–89; *Halliday*, 672 F.3d 462 at 74. What matters is whether the judge sufficiently explained the choice to impose a sentence significantly above the range. *See United States v. Molton*, 743 F.3d 479, 484 (7th Cir. 2014); *United States v. Miller*, 601 F.3d 734, 739 (7th Cir. 2010); *United States v. Gooden*, 564 F.3d 887, 890–91 (7th Cir. 2009).

Smart insists, however, that the district court erred by not offering a "compelling justification" for a sentence 25 months above the guidelines range. He contrasts his sentence with other above-guidelines sentences that this court has upheld based on "compelling justifications," which Smart asserts are not present in his case. This court will uphold an above-guidelines sentence as long as the district court gives an adequate explanation that is consistent with the factors in § 3553(a). *See Gall*, 552 U.S. at 59–60; *United States v. Taylor*, 701 F.3d 1166, 1174 (7th Cir. 2012); *United States v. Jackson*, 547 F.3d 786, 793 (7th Cir. 2008). The district court's explanation shows that the judge considered the relevant factors in § 3553(a), and the explanation is sufficient to support a sentence 25 months above the guidelines range. The district judge discussed Smart's personal history and characteristics, *see* 18 U.S.C. § 3553(a)(1), including his difficult and unstable upbringing in two homes with little adult supervision. The court considered that Smart might be "doing wonderful things" for some people in his life, but that he is a danger to others. The court also accounted for Smart's nearly 20 years of criminal history beginning when he was 12, and noted that prior sentences had not deterred him from engaging in criminal activity involving drugs and guns, which was adding to violence in Chicago and endangering the public. *See id.* § 3553(a)(2)(A)–(C).

Finally, Smart argues that the district court relied too heavily on his juvenile criminal history and overlooked other factors, such as his close family relationships that, in Smart's view, diminish the likelihood of recidivism. The district court was permitted to consider Smart's criminal history—including juvenile convictions—that did not warrant criminal-history points. *See United States v. Johnson*, 612 F.3d 889, 896 (7th Cir. 2010); *United States v. McIntyre*, 531 F.3d 481, 482–84 (7th Cir. 2008).

The district court's judgment is AFFIRMED.